## Fay *vs.* Jones.

J., the defendant, made and delivered to L. his promissory note, not negotiable, for $50,64 which was subsequently transferred by L. to the plaintiff, and notice of the transfer given to J. While the note was held by L., it was agreed between him and J. that J. should pay to W. a debt of $9 due him from L., and that the $9, when paid, should be applied on the note. After J. received notice of the transfer of the note, he paid the $9 to W. In an action upon the note; *Held,* that neither the debt due to W. nor that due to L. was at all affected by the promise of J., the same being without consideration, and creating no legal obligation. That both debts remained in full force, and the rights and obligations of all parties, in respect to them, were unchanged.

*Held also,* that when the plaintiff took an assignment of the note given to L., and gave notice of it to J., the latter had no defense against the note, and that he did not acquire any by his subsequent payment of the debt to W.

Appeal by the defendant from a judgment entered at a special term. The action was upon a promissory note for $50.64, made by the defendant on the 12th day of Dec. 1850, payable to Joseph Lasher on the 1st day of Nov. 1851, and assigned to the plaintiff: also upon a joint and several promissory note for $20, made by the defendant and Joseph Lasher on the 11th of March, 1850, payable to W. W. Wooster or bearer, and transferred to the plaintiff. The answer denied the allegations in the complaint, and alledged payment and a set-off. By consent of parties the case was tried by the court without a jury. The following facts were found by the judge:

That on the 12th day of December, 1850, the defendant made

and delivered a promissory note to Joseph Lasher, by which he promised to pay said Lasher $50.61, on the first day of November, 1851 ; that on the first day of April, 1851, said note was transferred by Lasher to the plaintiff, and has ever since been owned by him, and that Lasher, within a few days thereafter, and in the same month of April, transmitted to the defendant notice of the transfer, and the defendant, on receiving the notice, admitted that he owed the debt ; that soon after said note was made, and while it was held by Lasher, it was agreed between him and the defendant that the defendant should pay to Lemuel White a debt of $9 due him from Lasher, and that the sum when so paid should be applied on the note ; that after the defendant received notice of the transfer of the note as above stated, and in or after the month of August, 1851, the defendant paid to said White the said debt of $9. That on the 11th day of March, 1850, the defendant and Joseph Lasher made and delivered to W. W. Wooster a joint and several promissory note for the sum of $20, payable to him or bearer six months after date with interest, which note was afterwards transferred to, and has been since held and owned, by the plaintiff ; that this note was made by the defendant as surety for, and for the benefit of, said Lasher, and that the note for $50.64 was transferred by Lasher to the plaintiff, with the understanding that if the defendant paid the $20 note the amount of it should be applied on the note first mentioned, but that the defendant had not paid the same. The judge therefore decided that there was due from the defendant to the plaintiff the amount of the note for $50.64, with interest from the day the same became payable, being the sum $53.72, and that the plaintiff was entitled to judgment therefor, with costs.

*F. G. Wickes,* for the appellant.

*Collins & Willson,* for the respondent.

*By the Court,* T. R. STRONG, J. The promise of the defendant to Lasher to pay a portion of a pre-exsisting note which the

former owed to the latter, and which was not then due, to White, a creditor of Lasher, was without consideration, and did not create any legal obligation. All that Lasher proposed to do, as a motive for the promise, was to apply the payment on the note, which the law would have done on the payment of a portion of the note being made at his request, without any undertaking on his part to do so. In legal effect, therefore, Lasher simply requested the defendant to make the payment, which was the only inducement to the promise. If the defendant, upon the request simply of Lasher, had promised to pay him a part of the note, it is manifest that the promise would not have had any binding force. The present case does not differ from such an one in principle. (*See Blunt* v. *Boyd,* 3 *Barb. S. C. Rep.* 209.)

The promise of the defendant to White to pay the debt owing to the latter by Lasher was of a similar character, without consideration and void. The only motive for it was the request of Lasher, and his engagement to apply the payment on his note against the defendant. White did not undertake to do any thing.

Neither the debt in favor of White, nor that in favor of Lasher, was at all affected by the promise of the defendant. Both debts remained in full force, and the rights and obligations of all parties in respect to them were unchanged.

If the defendant had paid the debt of White, upon the request of Lasher, in part payment of his note, while the request continued unrevoked, the payment would have applied upon the note to Lasher in like manner as if a payment had been made directly to the latter; but the request might be withdrawn at any time, and the assignment by Lasher of his note to the plaintiff, with notice thereof to the defendant, was a sufficient revocation of it. The defendant had no right to act upon the request thereafter.

When the plaintiff took an assignment of the note to Lasher, and gave notice of it to the defendant, the defendant had no defense against the note, and he did not acquire any by his subsequent payment of the debt to White.

The proof offered to be made by Henry Jones, that "at the time, and immediately after the note was given, it was agreed between the defendant and Lasher that the defendant should pay

Fay v. Jones.

$9 of said demand to White"—it being conceded that the payment was not made until after verbal notice of the assignment of the note—was properly excluded. If verbal proof of a valid agreement to that effect, at the time of giving the note, would have been admissible,· it was not proposed to show that there was any consideration for the agreement offered to be proved, and none is alleged in the answer. The evidence would not have aided the defendant.

No substantial error was committed in rejecting the proof offered to be made by the witness Northrup. If the proof had been received, it would not have varied the result. It was not proposed to give any further evidence in connection with it.

It is no ground for reversing the judgment, that the court, after the close of the evidence, decided that the promise of the defendant was within the statute of frauds, and therefore void. The decision that the agreement was void is correct, although not for the reason assigned at the trial. (*Brown* v. *Curtiss*, 2 *Comst.* 225. *Barker* v. *Bucklin*, 2 *Denio*, 45.) And it is apparent that the defendant was not prevented by the reason given from introducing any evidence of a consideration for the agreement. (*Hanford* v. *Artcher*, 4 *Hill*, 271.)

A verbal notice to the defendant, of the assignment of the note to the plaintiff, was sufficient. The sections referred to, of the code, have no application.

Judgment affirmed.

[Monroe General Term, September 4, 1854. *Johnson, Welles* and *T. R. Strong,* Justices.]